UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CONNIE C.,[1]

    **Plaintiff,**

v.

KILOLO KIJAKAZI,
**Acting Commissioner of Social Security,**

    **Defendant.**

Case No. 1:21-cv-727
Magistrate Judge Norah McCann King

## OPINION AND ORDER

This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding the applications of Plaintiff Connie C. for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Plaintiff appeals from the final decision of the Commissioner of Social Security denying those applications.[2] After careful consideration of the entire record, including the entire administrative record, the Court decides this matter pursuant to Rule 78(b) of the Federal Rules of Civil Procedure and Local Civil Rule 9.1(f). For the reasons that follow, the Court reverses the Commissioner's decision and remands the matter for further proceedings.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs in such cases by only their first names and last initials. *See also* D.N.J. Standing Order 2021-10.

[2] Kilolo Kijakazi, the Acting Commissioner of Social Security, is substituted as Defendant in her official capacity. *See* Fed. R. Civ. P. 25(d).

1

I.      PROCEDURAL HISTORY

Plaintiff filed her applications for disability insurance benefits and supplemental security income on June 7, 2018, and February 20, 2019, respectively, alleging that she has been disabled since May 31, 2018, based on a number of physical and mental impairments. R. 78, 94, 169–81. The applications were denied initially and upon reconsideration. R. 95–100, 102–04. Plaintiff sought a *de novo* hearing before an administrative law judge ("ALJ"). R. 105–06. ALJ William King, Jr. held a hearing on September 19, 2019, at which Plaintiff, who was represented by counsel, testified, as did a vocational expert. R. 34–64. In a decision dated December 3, 2019, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act from May 31, 2018, Plaintiff's alleged disability onset date, through the date of that decision. R. 14–25. That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on December 10, 2020. R. 1–6. Plaintiff timely filed this appeal pursuant to 42 U.S.C. § 405(g). ECF No. 1. On June 15, 2021, Plaintiff consented to disposition of the matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. ECF No. 12.[3] On June 16, 2021, the case was reassigned to the undersigned. ECF No. 13. The matter is ripe for disposition.

II.     LEGAL STANDARD

   A.    Standard of Review

In reviewing applications for Social Security disability benefits, this Court has the authority to conduct a plenary review of legal issues decided by the ALJ. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). In contrast, the Court reviews the ALJ's factual findings to

---

[3]The Commissioner has provided general consent to Magistrate Judge jurisdiction in cases seeking review of the Commissioner's decision. *See* Standing Order In re: Social Security Pilot Project (D.N.J. Apr. 2, 2018).

2

determine if they are supported by substantial evidence. *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). The United States Supreme Court has explained this standard as follows:

> Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficien[t] evidence to support the agency's factual determinations. And whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is more than a mere scintilla. It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (internal citations and quotation marks omitted); *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citation and internal quotations omitted); *Bailey v. Comm'r of Soc. Sec.*, 354 F. App'x 613, 616 (3d Cir. 2009) (citations and quotations omitted); *K.K. ex rel. K.S. v. Comm'r of Soc. Sec.*, No. 17-2309, 2018 WL 1509091, at *4 (D.N.J. Mar. 27, 2018).

The substantial evidence standard is a deferential standard, and the ALJ's decision cannot be set aside merely because the Court "acting de novo might have reached a different conclusion." *Hunter Douglas, Inc. v. NLRB*, 804 F.2d 808, 812 (3d Cir. 1986); *see*, *e.g.*, *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) ("Where the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently.") (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)); *K.K.*, 2018 WL 1509091, at *4 ("'[T]he district court ... is [not] empowered to weigh the evidence or substitute its conclusions for those of the fact-finder.'") (quoting *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992)).

Nevertheless, the Third Circuit cautions that this standard of review is not "a talismanic or self-executing formula for adjudication." *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)

("The search for substantial evidence is thus a qualitative exercise without which our review of social security disability cases ceases to be merely deferential and becomes instead a sham."); *see Coleman v. Comm'r of Soc. Sec.*, No. 15-6484, 2016 WL 4212102, at *3 (D.N.J. Aug. 9, 2016). The Court has a duty to "review the evidence in its totality" and "take into account whatever in the record fairly detracts from its weight." *K.K.*, 2018 WL 1509091, at *4 (quoting *Schonewolf v. Callahan*, 972 F. Supp. 277, 284 (D.N.J. 1997) (citations and quotations omitted)); *see Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981) (stating that substantial evidence exists only "in relationship to all the other evidence in the record"). Evidence is not substantial if "it is overwhelmed by other evidence," "really constitutes not evidence but mere conclusion," or "ignores, or fails to resolve, a conflict created by countervailing evidence." *Wallace v. Sec'y of Health & Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983) (citing *Kent*, 710 F.2d at 114); *see K.K.*, 2018 WL 1509091, at *4. The ALJ's decision thus must be set aside if it "did not take into account the entire record or failed to resolve an evidentiary conflict." *Schonewolf*, 972 F. Supp. at 284-85 (citing *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978)).

Although the ALJ is not required "to use particular language or adhere to a particular format in conducting [the] analysis," the decision must contain "sufficient development of the record and explanation of findings to permit meaningful review." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) (citing *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000)); *see K.K.*, 2018 WL 1509091, at *4. The Court "need[s] from the ALJ not only an expression of the evidence s/he considered which supports the result, but also some indication of the evidence which was rejected." *Cotter*, 642 F.2d at 705-06; *see Burnett*, 220 F.3d at 121 ("Although the ALJ may weigh the credibility of the evidence, [s/]he must give some indication of the evidence which [s/]he rejects and [the] reason(s) for discounting such evidence.") (citing

*Plummer v. Apfel*, 186 F.3d 422, 429 (3d. Cir. 1999)). "[T]he ALJ is not required to supply a comprehensive explanation for the rejection of evidence; in most cases, a sentence or short paragraph would probably suffice." *Cotter v. Harris*, 650 F.2d 481, 482 (3d Cir. 1981). Absent such articulation, the Court "cannot tell if significant probative evidence was not credited or simply ignored." *Id.* at 705. As the Third Circuit explains:

> Unless the [ALJ] has analyzed all evidence and has sufficiently explained the weight [s/]he has given to obviously probative exhibits, to say that [the] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

*Gober*, 574 F.2d at 776; *see Schonewolf*, 972 F. Supp. at 284-85.

Following review of the entire record on appeal from a denial of benefits, the Court can enter "a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Remand is appropriate if the record is incomplete or if the ALJ's decision lacks adequate reasoning or contains illogical or contradictory findings. *See Burnett*, 220 F.3d at 119-20; *Podedworny v. Harris*, 745 F.2d 210, 221-22 (3d Cir. 1984). Remand is also appropriate if the ALJ's findings are not the product of a complete review which "explicitly weigh[s] all relevant, probative and available evidence" in the record. *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994) (internal quotation marks omitted); *see A.B. on Behalf of Y.F. v. Colvin*, 166 F. Supp.3d 512, 518 (D.N.J. 2016). A decision to "award benefits should be made only when the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits." *Podedworny*, 745 F.2d at 221-22 (citation and quotation omitted); *see A.B.*, 166 F. Supp.3d at 518.

B.  **Sequential Evaluation Process**

The Social Security Act establishes a five-step sequential evaluation process for determining whether a plaintiff is disabled within the meaning of the statute. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). "The claimant bears the burden of proof at steps one through four, and the Commissioner bears the burden of proof at step five." *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010) (citing *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir. 2007)).

At step one, the ALJ determines whether the plaintiff is currently engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, then the inquiry ends because the plaintiff is not disabled.

At step two, the ALJ decides whether the plaintiff has a "severe impairment" or combination of impairments that "significantly limits [the plaintiff's] physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c), 416.920(c). If the plaintiff does not have a severe impairment or combination of impairments, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to step three.

At step three, the ALJ decides whether the plaintiff's impairment or combination of impairments "meets" or "medically equals" the severity of an impairment in the Listing of Impairments ("Listing") found at 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, then the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least 12 months. *Id.* at §§ 404.1509, 416.909. Otherwise, the ALJ proceeds to step four.

At step four, the ALJ must determine the plaintiff's residual functional capacity ("RFC") and determine whether the plaintiff can perform past relevant work. 20 C.F.R. §§ 404.1520(e),

(f), 416.920(e), (f). If the plaintiff can perform past relevant work, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to the final step.

At step five, the ALJ must decide whether the plaintiff, considering the plaintiff's RFC, age, education, and work experience, can perform other jobs that exist in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(g), 416.920(g). If the ALJ determines that the plaintiff can do so, then the plaintiff is not disabled. Otherwise, the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least twelve months.

### III.     ALJ DECISION AND APPELLATE ISSUES

Plaintiff was 47 years old on her alleged disability onset date. R. 23. Plaintiff met the insured status requirements of the Social Security Act through December 31, 2022. R. 16. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity between May 31, 2018, her alleged disability onset, and the date of the decision. *Id*.

At step two, the ALJ found that Plaintiff's end stage liver disease and alcoholic cirrhosis were severe impairments. *Id*. The ALJ also found that Plaintiff's diagnosed degenerative disc disease of the right shoulder, obesity, substance abuse disorder, and generalized anxiety disorder were not severe. R. 16–18.

At step three, the ALJ found that Plaintiff did not suffer an impairment or combination of impairments that met or medically equaled the severity of any Listing. R. 18–19.

At step four, the ALJ found that Plaintiff had the RFC to perform light work subject to various additional limitations. R. 19–23. The ALJ also found that this RFC did not permit the performance of Plaintiff's past relevant work as a warehouse worker and janitor. R. 23.

At step five and relying on the testimony of the vocational expert, the ALJ found that a

significant number of jobs—*e.g.,* jobs as a small parts assembler, a price marker, and an inspector/hand packager—existed in the national economy and could be performed by Plaintiff. R. 23–24. The ALJ therefore concluded that Plaintiff was not disabled within the meaning of the Social Security Act from May 31, 2018, her alleged disability onset date, through the date of the decision. R. 24.

Plaintiff disagrees with the ALJ's findings and challenges the constitutionality of the appointment of the Commissioner; she asks that the decision of the Commissioner be reversed and remanded with directions for the granting of benefits or, alternatively, for further proceedings. *Plaintiff's Memorandum of Law,* ECF No. 19; *Plaintiff's Reply Brief*, ECF No. 27. The Acting Commissioner takes the position that her decision should be affirmed in its entirety because the ALJ's decision correctly applied the governing legal standards, reflected consideration of the entire record, and was supported by sufficient explanation and substantial evidence. *Defendant's Brief Pursuant to Local Civil Rule 9.1*, ECF No. 24.

**IV.   DISCUSSION**

Plaintiff argues that substantial evidence does not support the ALJ's RFC determination because, *inter alia*, the ALJ failed to include all Plaintiff's limitations. *Plaintiff's Memorandum of Law*, ECF No. 19, pp. 8–15; *Plaintiff's Reply Brief*, ECF No. 27, pp. 1–2. This Court agrees.

A claimant's RFC is the most that the claimant can do despite her limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). At the administrative hearing stage, the ALJ is charged with determining the claimant's RFC. 20 C.F.R. §§ 404.1546(c), 416.946(c); *see also Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011) ("The ALJ—not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations.") (citations omitted). When determining a claimant's RFC, the ALJ has a duty to

consider all the evidence. *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999). However, the ALJ need include only "credibly established" limitations. *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005); *see also Zirnsak v. Colvin*, 777 F.3d 607, 615 (3d Cir. 2014) (stating that the ALJ has discretion to choose whether to include "a limitation [that] is supported by medical evidence, but is opposed by other evidence in the record" but "[t]his discretion is not unfettered—the ALJ cannot reject evidence of a limitation for an unsupported reason" and stating that "the ALJ also has the discretion to include a limitation that is not supported by any medical evidence if the ALJ finds the impairment otherwise credible").

In the case presently before the Court, the ALJ determined that Plaintiff had the RFC to perform a limited range of light work, as follows:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with additional limitations. She can lift and/or carry 20 pounds occasionally and 10 pounds frequently. She can sit, stand, and/or walk for up to an aggregate of six hours each in an eight-hour day, and requires a sit/stand option as frequently as every 30 minutes while remaining on task. Additionally, she could frequently balance, climb ramps and stairs, stoop, crouch, crawl and kneel; and never climb ladders, ropes or scaffolds. She is capable of work that involves no exposure to unprotected heights, moving mechanical parts and other potential workplace hazards. Finally, she is capable of unskilled work, defined as work involving tasks that can be learned in 30 days or less, with no more than simple and short instructions and simple work-related decisions with few workplace changes.

R. 19–20.

Plaintiff challenges this determination, arguing that the RFC "does not contemplate all of the Plaintiff's well-established limitations stemming from the documented impairments of record[.]" *Plaintiff's Memorandum of Law*, ECF No. 19, p. 12. Plaintiff specifically complains that the "ALJ dismissed the restrictions caused by the plaintiff's degenerative joint disease in the right shoulder despite finding that 'Imaging confirmed degenerative joint disease of the claimant's right shoulder in May 2019. Thus, there is evidence that it has imposed more-than

minimal limitations on the claimant's ability to perform basic work-related activities for at least twelve consecutive months.'" *Plaintiff's Reply Brief*, ECF No. 27, p. 1 (quoting R. 16–17[4]).

Plaintiff's argument is well taken. The ALJ expressly found that there was "evidence that it [*i.e.*, Plaintiff's degenerative joint disease of the right shoulder] has imposed *more-than-minimal limitations* on the claimant's ability to perform basic work-related activities for at least twelve consecutive months." R. 17 (emphasis added). However, the ALJ provided no further discussion of this impairment at step two, nor did he explain why this diagnosed impairment was not severe even though the ALJ found that the impairment imposed "more-than-minimal limitations" in Plaintiff's ability to perform basic work-related activities. *See id*. It is true that, "[g]enerally, an error at step two is harmless because it is a threshold test. . . . As long as one impairment is found to be severe, all medically determinable impairments are considered at subsequent steps, including non-severe impairments." *Herring v. Colvin*, 181 F. Supp. 3d 258, 276–77 (M.D. Pa. 2014) (citations omitted); *see also Swaney v. Saul*, No. CV 18-1530, 2020 WL 529602, at *2 (W.D. Pa. Feb. 3, 2020) ("Rather, the ALJ proceeds beyond step two and, in so doing, an ALJ makes an RFC determination taking into consideration all impairments, including any impairment that is not severe. Thus, an ALJ will proceed to consider a plaintiff's severe and non-severe impairments in the evaluation process in determining a plaintiff's [RFC]."); *Taylor*, 2018 WL 2298358, at *8. "However, an error can harm the claimant if an impairment is improperly found to be not medically determinable or when non-severe impairments are not considered at later steps." *Herring*, 181 F. Supp. 3d at 277.

---

[4] The ALJ mistakenly refers to Exhibit "28F/2" instead of Exhibit 48F/2 when referring to a May 2019 MRI of Plaintiff's right shoulder. R. 17, 1687 (Exhibit 48F/2).

In the present case, the Court cannot conclude that the ALJ's error at step two regarding Plaintiff's degenerative joint disease of the right shoulder was harmless. As set forth above, the ALJ's RFC finding at step four of the sequential evaluation process did not include any limitation for, *inter alia*, reaching. R. 19–20. Moreover, the ALJ provided no discussion of Plaintiff's degenerative joint disease of the right shoulder —or, even generally, of her upper extremities—when crafting the RFC. *See* R. 19–23.[5] After expressly finding that Plaintiff's right shoulder impairment imposed "more-than-minimal limitations" in her ability to perform basic work-related activities, R. 17, the ALJ "effectively screened out of the analysis [Plaintiff's right shoulder impairment] at step two. As a result, the potential effect of [this] impairment[s], alone or in combination with each other and the [physical] impairments, was not analyzed at step three or subsequently." *Melendez v. Colvin*, No. CV 15 -3209, 2016 WL 4718946, at *4 (D.N.J. Sept. 8, 2016). *cf. Wolf v. Saul*, No. CV 19-295, 2021 WL 734226, at *3 (W.D. Pa. Feb. 25, 2021) ("Moreover, while the ALJ found another impairment to be severe and did not deny Plaintiff benefits at step two, I cannot say these errors were harmless. . . . [I]n determining the RFC, the ALJ's discussion of Plaintiff's Asperger's syndrome, depressive, bipolar and related disorders, and neurodevelopmental disorders is scant. . . . Thus, I find the ALJ unexplained inconsistency at step two may have infiltrated the remaining parts of the sequential analysis and cannot be considered harmless.").

---

[5] Although the ALJ found the opinions of the state agency medical consultants "persuasive," R. 22, and those opinions included references to no significant impairment of the upper or lower extremities[,]" R. 68–69, 72–73, 88, the state agency medical opinions were rendered in August and December 2018, *i.e.,* months before the May 2019 MRI, upon which the ALJ relied when finding "more-than-minimal" limitations flowing from Plaintiff's diagnosed degenerative disc disease of the right shoulder. R. 17, 1687.

11

Accordingly, based on this record, the Court cannot conclude that substantial evidence supports the ALJ's decision. This Court therefore concludes that remand of the matter for further consideration of these issues is appropriate.[6] Moreover, remand is appropriate even if, upon further examination of Plaintiff's degenerative joint disease of the right shoulder and the RFC determination, the ALJ again concludes that Plaintiff is not entitled to benefits. *Cf. Zuschlag v. Comm'r of Soc. Sec. Admin.*, No. 18-CV-1949, 2020 WL 5525578, at *8 (D.N.J. Sept. 15, 2020) ("On remand, the ALJ may reach the same conclusion, but it must be based on a proper foundation."); *Jiminez v. Comm'r of Soc. Sec.*, No. CV 19-12662, 2020 WL 5105232, at *4 (D.N.J. Aug. 28, 2020) ("Once more, the ALJ did not provide an adequate explanation that would enable meaningful review, and the Court once more cannot determine what role lay speculation played in the ALJ's rejection of this detailed functional assessment from Dr. Marks."); *Cassidy v. Colvin*, No. 2:13-1203, 2014 WL 2041734, at *10 n.3 (W.D. Pa. May 16, 2014) ("Nevertheless, that the ALJ may have misinterpreted or misunderstood Dr. Kaplan's findings with regard to Plaintiff's postural activities does not absolve her of her error. Rather, it highlights the need for an ALJ to fully explain her findings. Otherwise, the district court is left to engage in this sort of speculation about how an ALJ arrived at her decision."). At this juncture, the ALJ must explain his consideration of the evidence and consider Plaintiff's right shoulder impairment beyond step two in light of his finding that Plaintiff's degenerative joint disease of the right shoulder imposed "more-than-minimal limitations" in her ability to perform basic work-related activities.

---

[6] Plaintiff asserts other errors in the Commissioner's final decision. Because the Court concludes that the matter must be remanded for further consideration of Plaintiff's degenerative joint disease of the right shoulder and the RFC determination, the Court does not consider those claims.

## V. CONCLUSION

For these reasons, the Court **REVERSES** the Commissioner's decision and **REMANDS** the matter for further proceedings consistent with this *Opinion and Order*.

The Court will issue a separate Order issuing final judgment pursuant to Sentence 4 of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**


Date:  August 23, 2023                          *s/Norah McCann King*
                                          NORAH McCANN KING
                                          UNITED STATES MAGISTRATE JUDGE